UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| TODD HILL<br>20469 Shaffer Road<br>Fredericktown, OH 43019,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>MACROGENICS, INC.<br>9704 Medical Center Drive<br>Rockville, MD 20850,<br><br>and<br><br>SCOTT KOENIG<br>c/o MACROGENICS, INC.<br>9704 Medical Center Drive<br>Rockville, MD 20850,<br><br>and<br><br>JAMES KARRELS<br>c/o MACROGENICS, INC.<br>9704 Medical Center Drive<br>Rockville, MD 20850,<br><br>                Defendants. | No.<br><br><u>CLASS ACTION</u><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Todd Hill, individually and on behalf of all others similarly situated, by plaintiff's undersigned attorneys, for plaintiff's complaint against defendants, alleges the following based upon personal knowledge as to plaintiff and plaintiff's own acts and upon information and belief as to all other matters based on the investigation conducted by and through plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by MacroGenics, Inc. ("MacroGenics" or the "Company"), Company press releases and earning calls, and analyst and media reports about the Company. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

1. This is a securities fraud class action on behalf of all purchasers of MacroGenics common stock between February 6, 2019 and June 3, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 ("1934 Act"). These claims are asserted against MacroGenics and certain of its officers who made materially false and misleading statements during the Class Period.

2. MacroGenics is a clinical stage biopharmaceutical company focused on the development of antibody-based therapeutics designed to control the human immune response for the treatment of cancer in the United States. Its pipeline of immuno-oncology product candidates includes margetuximab, an investigational monoclonal antibody that targets the HER2 oncoprotein. HER2 is expressed by tumor cells in breast, gastroesophageal and other solid tumors. The SOPHIA study is a randomized, open-label Phase III clinical trial evaluating margetuximab plus chemotherapy compared to trastuzumab plus chemotherapy in patients with HER2-positive metastatic breast cancer. A critical component of the Phase III SOPHIA trial was measuring the

progression-free survival ("PFS") and overall survival ("OS") rates in breast cancer patients administered margetuximab.

3. Throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public and/or failing to disclose adverse facts pertaining to the Company's Phase III SOPHIA trial. Specifically, defendants concealed material information and/or failed to disclose that:

(a) the Company had conducted the PFS and first interim OS analyses for the SOPHIA trial by no later than October 10, 2018;

(b) the October 2018 PFS analysis showed a 0.9 month improvement in PFS; and

(c) the October 2018 OS interim analysis did not produce a statistically significant result and the interim OS Kaplan-Meier curves crossed in several spots (thereby violating the constant hazard assumption) and separated late.[1]

4. Defendants' Class Period conduct had its intended effect, with MacroGenics' common stock trading at artificially inflated prices during the Class Period, reaching a high of $25.60 per share on February 6, 2019.

5. On May 13, 2019, the American Society of Clinical Oncologists ("ASCO") posted the SOPHIA study abstract on the Internet. The abstract disclosed that the October 2018 PFS analysis resulted in a 0.9 month improvement in PFS.

6. As a result of this news, the price of MacroGenics common stock dropped $1.17 per share, to close at $16.25 per share on May 13, 2019, a decline of 7%.

---

[1] The Kaplan–Meier estimator, also known as the product limit estimator, is a non-parametric statistic used to estimate the survival function from lifetime data. In medical research, it is often used to measure the fraction of patients living for a certain amount of time after treatment.

7. On June 4, 2019, during the ASCO annual meeting in Chicago, Illinois, the Company disclosed additional data for the SOPHIA trial. In the Company's presentation, MacroGenics revealed to the public that it had conducted the PFS and OS analyses in October 2018, and the OS analyses for the SOPHIA trial demonstrated Kaplan-Meier curves crossing at several spots with late separation.

8. As a result of this news, the price of MacroGenics common stock dropped $3.13 per share to close at $15.58 per share on June 4, 2019, a decline of 17%. On June 5, 2019, the price of the Company's stock declined another 6% as a result of defendants' June 4, 2019 disclosures concerning the SOPHIA trial.

9. On June 5, 2019, in an article entitled "Reality bites for Macrogenics," *Vantage* reported that investors were probably feeling "pretty peeved" as a result of the "unattractive" Kaplan-Meier curves for the SOPHIA OS analysis. Specifically, *Vantage* noted, "[t]he sting in this case came in the form of survival curves . . . [with] curves [that] separated relatively late in the analysis and crossed several times."

## JURISDICTION AND VENUE

10. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5, promulgated thereunder by the SEC.

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §27 of the 1934 Act.

12. Venue is proper in this District pursuant to §27 of the 1934 Act and 28 U.S.C. §1391(b). Many of the acts charged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District and MacroGenics is headquartered in this District.

13. In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14. Plaintiff Todd Hill purchased MacroGenics common stock during the Class Period as set forth in the attached certification and was damaged thereby.

15. Defendant MacroGenics is a Delaware corporation with its principal executive offices located at 9704 Medical Center Drive, Rockville, Maryland 20850. MacroGenics common stock trades on the NASDAQ under the ticker symbol "MGNX."

16. Defendant Scott Koenig ("Koenig") is, and at all relevant times has been, President, Chief Executive Officer ("CEO") and a director of MacroGenics.

17. Defendant James Karrels ("Karrels") is, and at all relevant times has been, Chief Financial Officer ("CFO") and Senior Vice President of MacroGenics.

18. The defendants referenced above in ¶¶16-17 are collectively referred to herein as the "Individual Defendants." The Individual Defendants made, or caused to be made, false statements that caused the price of MacroGenics common stock to be artificially inflated during the Class Period.

19. The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of MacroGenics' quarterly reports, press releases, and presentations to securities analysts, money and portfolio managers, and institutional investors, *i.e.*, the market. They were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions

with the Company, and their access to material non-public information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false and misleading statements pleaded herein.

## FRAUDULENT SCHEME AND COURSE OF BUSINESS

20. Defendants are liable for: (i) making false statements; or (ii) failing to disclose adverse facts known to them about MacroGenics. Defendants' fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of MacroGenics common stock was a success, as it: (i) deceived the investing public regarding MacroGenics' business and financial results; (ii) artificially inflated the price of MacroGenics common stock; and (iii) caused plaintiff and other members of the Class to purchase MacroGenics common stock at artificially inflated prices.

## DEFENDANTS' SCIENTER

21. During the Class Period, defendants had the motive and opportunity to commit the fraud. On February 13, 2019, within one week of the Company's stock price skyrocketing over 130% after defendants' dissemination of the false and misleading statements detailed herein, MacroGenics began to issue over 6.3 million shares of common stock pursuant to a follow-on offering in which it raised over $126 million in gross offering proceeds. But for defendants' false and misleading statements regarding the SOPHIA trial, the Company would have had to issue more common stock to raise the same amount of capital from investors.

22. Defendants also had actual knowledge of the misleading statements they made and/or acted in reckless disregard of the true information known to them at the time. Indeed, in the Company's June 4, 2019 ASCO presentation, defendants acknowledged that they had

knowledge of, and access to, the SOPHIA PFS and interim OS analysis results as of October 2018. By making false and materially incomplete statements about the SOPHIA trial throughout the Class Period, defendants participated in a scheme to defraud and committed acts, practices and participated in a course of business that operated as a fraud or deceit on purchasers of MacroGenics common stock.

23. Moreover, on November 7, 2018, after the market closed, MacroGenics held a conference call with investors, analysts and the media to discuss its third quarter 2018 financial results, during which defendant Koenig acknowledged that defendants were closely following the PFS and OS data from the Phase III SOPHIA study. He stated in part:

> In the third quarter we completed enrollment in our pivotal Phase III SOPHIA study, which is evaluating the efficacy of margetuximab plus chemotherapy compared to trastuzumab plus chemotherapy and approximately 530 relapsed/refractory HER-2-positive metastatic breast cancer patients.
>
> \* \* \*
>
> I do not know the results of the data, neither do other members of the team. . . .
>
> . . . If the data turns out to be a positive, we don't want to delay at all being able to provide a very effective treatment to patients. So shouldn't read anything more than that, that we're very diligent group and trying to do our work.
>
> \* \* \*
>
> So clearly, we have been tracking the PFS rate as well as OS rate in the population, it's tracking with our expectations. And that's why we're able to indicate that we should have the top line PFS data in the first quarter to announce.

24. On January 10, 2019, MacroGenics held a conference call with investors, analysts and the media, during which defendant Koenig again made clear that defendants knew the PFS topline data readout from the SOPHIA trial. He stated in part:

> We're pursuing the registration study in Phase III in a study called SOPHIA in metastatic breast cancer . . . .
>
> We will have top line PFS data readout in the first quarter of this year . . . .

\* \* \*

The data is getting cleaned currently, and we expect to unmask the data in the first quarter of this year and report it out in a press release.

**DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD**

25.     The Class Period begins on February 6, 2019. On that date, MacroGenics issued a press release, entitled "MacroGenics Announces Positive Results from Pivotal Phase 3 SOPHIA Study of Margetuximab." The press release stated in part:

> The SOPHIA clinical trial met the primary endpoint of prolongation of progression-free survival (PFS) in patients treated with the combination of margetuximab plus chemotherapy compared to trastuzumab plus chemotherapy. Patients in the margetuximab arm experienced a 24% risk reduction in PFS compared to patients in the trastuzumab arm (HR=0.76, p=0.033). . . . Follow-up for determination of the impact of therapy on the sequential primary endpoint of overall survival (OS) is ongoing, as pre-specified in the study protocol and recommended by the trial's independent Data Safety Monitoring Committee.

26.     On February 6, 2019, MacroGenics held a conference call with investors, analysts and the media to discuss the results of the SOPHIA trial, during which defendant Koenig stated in part:

> The SOPHIA clinical trial met the primary endpoint of prolongation of progression-free survival in patients with a combination of margetuximab plus chemotherapy compared to trastuzumab plus chemotherapy. Patients in the margetuximab arm experienced a 24% risk reduction in PFS compared to patients in the trastuzumab arm with a hazard ratio of 0.76 and a p-value of 0.033.
>
> \* \* \*
>
> Follow-up for determination of the impact of therapy on the sequential primary endpoint of overall survival is ongoing as prespecified in the SOPHIA study protocol . . . .

27.     On February 6, 2019, *MedCity News* reported:

> Shares of MacroGenics went stratospheric Wednesday following the release of data from a pivotal Phase III study of the company's lead drug candidate in breast cancer that beat many investors' expectations.

\* \* \*

> In a conference call to discuss the results Wednesday morning, some analysts conceded that their forecasts of SOPHIA being a negative study did not come true, including one who said his firm was "dead wrong."
>
> Nevertheless, the company is being tight-lipped at the moment about a key data point, the exact improvement in PFS for SOPHIA's margetuximab arm over the Herceptin arm. It is also not providing details [regarding] the trial's median overall survival.

28. On February 13, 2019, MacroGenics filed with the SEC a Form 424(b)(5) prospectus for a follow-on offering of 6,325,000 shares of common stock at $20.00 per share. Defendants Koenig and Karrels signed the registration statement for the February 13, 2019 offering. The Form 424(b)(5) prospectus incorporated by reference and thereby restated the Company's February 6, 2019 press release entitled "MacroGenics Announces Positive Results from Pivotal Phase 3 SOPHIA Study of Margetuximab." In addition, the Form 424(b)(5) prospectus stated in part:

> *HER 2-positive Metastatic Breast Cancer.* In February 2019, we announced positive results from SOPHIA, our Phase 3 clinical trial of margetuximab in HER2-positive metastatic breast cancer patients. Margetuximab is an investigational immune-enhancing monoclonal antibody derived from our proprietary Fc Optimization technology platform. The SOPHIA clinical trial met the trial's first primary endpoint of prolongation of progression-free survival (PFS) in patients treated with the combination of margetuximab plus chemotherapy compared to trastuzumab plus chemotherapy. Patients in the margetuximab arm experienced a 24% risk reduction in PFS compared to patients in the trastuzumab arm (HR=0.76, p=0.033). Notably, approximately 85% of patients in the study were carriers of the CD16A (FcγRIIIa) 158F allele, which has been previously associated with diminished clinical response to trastuzumab and other antibodies. In this pre-specified subpopulation, patients in the margetuximab arm experienced a 32% risk reduction in PFS compared to patients in the trastuzumab arm (HR=0.68, p=0.005). Results of the SOPHIA study are being prepared for submission for publication and presentation later this year at a major scientific conference. Follow-up for determination of the impact of therapy on the sequential second primary endpoint of overall survival (OS) is ongoing, as pre-specified in the study protocol and recommended by the trial's independent Data Safety Monitoring Committee. We anticipate submitting a Biologics License Application (BLA) to the U.S. Food and Drug Administration for margetuximab on the basis of the PFS results in the second half of 2019.

29. On May 13, 2019, ASCO posted the SOPHIA study abstract on the Internet. The abstract disclosed that the October 2018 PFS analysis resulted in a 0.9 month improvement in PFS. As a result of this news, the price of MacroGenics common stock dropped $1.17 per share, to close at $16.25 per share on May 13, 2019, a decline of 7%.

30. On May 15, 2019, MacroGenics issued a press release entitled "MacroGenics Announces Positive Results from Phase 3 SOPHIA Study of Margetuximab in Patients with HER2-Positive Metastatic Breast Cancer." The press release stated in part:

- Study meets first sequential primary endpoint of progression-free survival (PFS) in head-to-head with current standard of care (trastuzumab and chemotherapy)

- Oral abstract will be presented at American Society of Clinical Oncology (ASCO) Annual Meeting on June 4, 2019 at 9:45 a.m. CT (Abstract #1000)

. . . MacroGenics, Inc., a clinical-stage biopharmaceutical company focused on discovering and developing innovative monoclonal antibody-based therapeutics for the treatment of cancer, today announced additional details of the results from the Phase 3 SOPHIA study of margetuximab in patients with HER2-positive metastatic breast cancer who have previously been treated with anti-HER2-targeted therapies. Margetuximab is an investigational, immune-enhancing monoclonal antibody derived from the Company's proprietary Fc Optimization technology platform.

\* \* \*

At the time of the primary PFS analysis, overall survival (OS) data based on 158 events were immature. The median OS at that time was prolonged by 1.7 months in patients treated with margetuximab and chemotherapy compared to patients treated with trastuzumab and chemotherapy. For the exploratory subpopulation of patients carrying the CD16A 158F allele, the median OS was prolonged by 6.8 months in the margetuximab arm compared to the trastuzumab arm. The Company anticipates conducting a second pre-specified interim OS analysis based on 270 events in the second half of this year. The final pre-specified OS analysis is planned after 385 events have accrued, and is projected to be completed in 2020.

31. The statements referenced above were materially false and misleading when made because they misrepresented and/or failed to disclose the following adverse facts pertaining to the

Company's Phase III SOPHIA trial, which were known to defendants or recklessly disregarded by them:

(a) the Company had conducted the PFS and first interim OS analyses for the SOPHIA trial by no later than October 10, 2018;

(b) the October 2018 PFS analysis showed a 0.9 month improvement in PFS; and

(c) the October 2018 OS interim analysis did not produce a statistically significant result and the interim OS Kaplan-Meier curves crossed in several spots (thereby violating the constant hazard assumption) and separated late.

32. Then, on June 4, 2019, during the ASCO annual meeting in Chicago, Illinois, the Company disclosed additional information to investors regarding the SOPHIA trial. In its presentation, MacroGenics revealed to the public that it had conducted the PFS and OS analyses in October 2018, and presented the Kaplan-Meier curves for the OS interim analysis, which showed the curves crossing several times and separating late.

33. As a result of this news, the price of MacroGenics common stock dropped $3.13 per share to close at $15.58 per share on June 4, 2019, a decline of 17%. On June 5, 2019, the price of the Company's stock declined another 6% as a result of defendants' June 4, 2019 disclosures concerning the SOPHIA trial. On June 6, 2019, the price of MacroGenics stock closed at $14.51 per share, 27% below the price at which MacroGenics had sold over 6.3 million shares of its stock only a few months previously.

34. As a result of defendants' false and misleading statements, MacroGenics common stock traded at artificially inflated prices during the Class Period. However, after the above revelations seeped into the market, the Company's stock price plunged 43% from its Class Period

high, causing economic harm and damages to plaintiff and members of the Class (as defined below).

## LOSS CAUSATION/ECONOMIC LOSS

35. During the Class Period, as detailed herein, defendants engaged in a scheme to deceive the market and a course of conduct that artificially inflated the price of MacroGenics common stock and operated as a fraud or deceit on acquirers of MacroGenics common stock. As detailed above, when the truth about defendants' misconduct was revealed, the value of the Company's common stock declined precipitously as the prior artificial inflation no longer propped up the stock's price. The declines in the price of MacroGenics stock were the direct result of the nature and extent of defendants' fraud finally being revealed to investors and the market. The timing and magnitude of the share price declines negate any inference that the losses suffered by plaintiff and other members of the Class were caused by changed market conditions, macroeconomic or industry factors or Company specific facts unrelated to the defendants' fraudulent conduct. The economic loss, *i.e.*, damages, suffered by plaintiff and other Class members was a direct result of defendants' fraudulent scheme to artificially inflate the price of the Company's common stock and the subsequent significant decline in the value of the Company's common stock when defendants' prior misrepresentations and other fraudulent conduct were revealed.

36. At all relevant times, defendants' materially false and misleading statements or omissions alleged herein directly or proximately caused the damages suffered by plaintiff and other Class members. Those statements were materially false and misleading through their failure to disclose a true and accurate picture of MacroGenics' business and financial condition, as alleged herein. Throughout the Class Period, defendants issued materially false and misleading statements and omitted material facts necessary to make the statements made not false or misleading, causing

the price of MacroGenics common stock to be artificially inflated. Plaintiff and other Class members purchased MacroGenics common stock at those artificially inflated prices, causing them to suffer damages as complained of herein.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all purchasers of MacroGenics common stock during the Class Period (the "Class"). Excluded from the Class are defendants and their immediate families, the directors and officers of MacroGenics and their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, MacroGenics common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by MacroGenics or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Upon information and belief, these shares are held by hundreds or thousands of individuals located geographically throughout the country. Joinder would be highly impracticable.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of the federal laws complained of herein.

the price of MacroGenics common stock to be artificially inflated. Plaintiff and other Class members purchased MacroGenics common stock at those artificially inflated prices, causing them to suffer damages as complained of herein.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all purchasers of MacroGenics common stock during the Class Period (the "Class"). Excluded from the Class are defendants and their immediate families, the directors and officers of MacroGenics and their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

38. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, MacroGenics common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by MacroGenics or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Upon information and belief, these shares are held by hundreds or thousands of individuals located geographically throughout the country. Joinder would be highly impracticable.

39. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of the federal laws complained of herein.

40. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

41. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by defendants' acts as alleged herein;

(b) whether defendants acted knowingly or with deliberate recklessness in issuing false and misleading statements;

(c) whether the price of MacroGenics common stock during the Class Period was artificially inflated because of defendants' conduct as complained of herein; and

(d) whether the members of the Class have sustained damages and, if so, the proper measure of damages.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

### For Violation of §10(b) of the 1934 Act and Rule 10b-5
### Against All Defendants

43. Plaintiff incorporates ¶¶1-42 by reference.

44. During the Class Period, defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

45. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

   (a)   employed devices, schemes and artifices to defraud;

   (b)   made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c)   engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of MacroGenics common stock during the Class Period.

46. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for MacroGenics common stock. Plaintiff and the Class would not have purchased MacroGenics common stock at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by defendants' misleading statements.

47. As a direct and proximate result of these defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their purchases of MacroGenics common stock during the Class Period.

## COUNT II

### For Violation of §20(a) of the 1934 Act
### Against All Defendants

48. Plaintiff incorporates ¶¶1-47 by reference.

49. During the Class Period, the Individual Defendants acted as controlling persons of MacroGenics within the meaning of §20(a) of the 1934 Act. By virtue of their positions and their power to control public statements about MacroGenics, the Individual Defendants had the power and ability to control the actions of MacroGenics and its employees. MacroGenics controlled the Individual Defendants and its other officers and employees. By reason of such conduct, defendants are liable pursuant to §20(a) of the 1934 Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

A.  Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

B.  Awarding plaintiff and the members of the Class damages and interest;

C.  Awarding plaintiff's reasonable costs, including attorneys' fees; and

D.  Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: September 13, 2019

SILVERMAN THOMPSON SLUTKIN
& WHITE LLC
STEVEN D. SILVERMAN (Bar No. 22887)
ANDREW C. WHITE (Bar No. 08821)
JOSEPH F. MURPHY, JR. (Bar No. 00659)
WILLIAM N. SINCLAIR (Bar No. 28833)

                    /s/ William N. Sinclair
                WILLIAM N. SINCLAIR

201 N. Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
ssilverman@mdattorney.com
awhite@mdattorney.com
jmurphy@mdattorney.com
bsinclair@mdattorney.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRIG R. SMITH
BRIAN E. COCHRAN
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
trigs@rgrdlaw.com
bcochran@rgrdlaw.com

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  310/301-3335
310/338-0192 (fax)
brian@schallfirm.com

Attorneys for Plaintiff